## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANK SHARPS, M.D.                               )
930 Montgomery Avenue, Apt. 106                  )
Bryn Mawr, Pennsylvania  19010-3037              )
                                                 )
                    Plaintiff,                   )
                                                 )
v.                                               )        Case No. _____
                                                 )
FRANCIS J. HARVEY                                )
Secretary of the Army                            )
Department of the Army                           )
The Pentagon                                     )
Washington, DC  20330                            )
                                                 )
                    Defendant.                   )
                                                 )
        Serve:                                   )
                                                 )
        The Attorney General of the United States )
        U.S. Department of Justice               )
        950 Pennsylvania Avenue, NW              )
        Washington, DC 20530-0001                )
                                                 )
        Civil Process Clerk                      )
        United States Attorney's Office          )
        555 4th Street, NW                       )
        Washington, DC 20530                     )
                                                 )
        The Honorable Francis J. Harvey          )
        Secretary of the Army                    )
        Department of the Army                    )
        The Pentagon                             )
        Washington, DC  20330                    )

## **COMPLAINT**

Plaintiff, Dr. Frank Sharps brings this action for Administrative Procedure Act, 5 U.S. C.

§§ 701 *et seq.,* review of a decision of the Army Board for Correction of Military Records

("ABCMR") denying his request that his military records be corrected to show his promotion to the grade of Captain.

## PARTIES AND JURISDICTION

1.      Plaintiff is a citizen of the United States who served on active duty in the U.S. Army during the period 30 July 1941 until 31 March 1945.  He resides at the address in the caption.

2.      Defendant is the Secretary of the Army, who, pursuant to 10 U.S.C. § 1552 has the authority and responsibility to correct military records to correct an error or remove an injustice.  Pursuant to this section the Secretary is required to act through a board of civilians which in this case was the ABCMR.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4.      Venue is proper in the district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred within the district.

## FACTS

5.      Dr. Frank Sharps graduated from Temple University School of Medicine on June 15, 1939.  He entered active duty in the United States Army as a First Lieutenant (1LT) in the Medical Corps on 30 July 1941.  After initial training he was assigned to Fort Gordon, Georgia. He remained at that base until he was transferred to Fort Benning, Georgia for airborne training on 10 July 1942.

6.      Prior to his transfer to Ft. Benning, Colonel Charles C. Demmer, the Commander of the Station Hospital, Ft. Gordon, GA, recommended the promotion of 1LT Sharps to the grade of Captain (CPT).

7.      After completion of airborne training, 1LT Sharps was assigned to the 505th Parachute Infantry Regiment (PIR), commanded by Colonel James Gavin.  When 1LT Sharps did not receive orders for his promotion, with the assistance of the adjutant of the 505th PIR, he initiated a tracer in regard to the promotion.

8.      In the course of the tracer action and otherwise, the promotion was recommended by each of 1LT Sharps' Commanding Officers, up through and including the Commanding General, Army Ground Forces, Army War College, Washington, DC who approved it on October 30, 1942.

9.      Before 1LT Sharps received notification of his approved promotion and the action on the tracer he had initiated, he was transferred to the 503rd Parachute Infantry Regiment, under the command of Colonel Kenneth E. Kinsler.  Additionally, the 503rd PIR deployed from Ft. Benning to the Far East for combat duty.

10.     Because he still had not received notification concerning his promotion, 1LT Sharps initiated a second tracer, again with the assistance of the adjutant from the 505th PIR regarding his promotion.

11.     Within a brief time after transfer to the 503rd PIR, 1LT Sharps sought transfer from that unit, because of the incompetence and dereliction of duty of Colonel Kinsler and the regimental surgeon, Colonel Monroe Gall.

12.     1LT Sharps' requests for transfer were denied.  Nevertheless, his complaints and the complaints of many other officers and enlisted men in the regiment ultimately caused the initiation of an investigation by the Inspector General, Sixth Army.  The investigation confirmed the incompetence of Colonel Kinsler, including specifically that Colonel Kinsler acted

inappropriately in regard to the recommendation of officers for promotion.  Kinsler took his life before the report of investigation was concluded.

13.    On 26 July 1943, prior to Colonel Kinsler's suicide, but at a time when 1LT Sharps' complaints were well know to him, Headquarters Sixth Army responded to the tracer by directing the command's attention to "Circular 36, USAFFE [United States Army Forces in the Far East], 1943."

14.    The reference to Circular 36 was inapposite.  That publication provided the procedure for recommending for promotion medical officers within USAFFE, but it had no bearing on 1LT Sharps' search for the previously approved action on his promotion.

15.    When Colonel Kinsler received the response from Sixth Army Headquarters he responded, "At this time it is not recommended that 1st Lieutenant FRANK SHARPS be promoted to next higher grade."  No further action to trace the previously approved promotion action was ever initiated or conducted.

14.    After serving combat duty with the 503rd in the Pacific Theater, 1LT Sharps was honorably discharged from the US Army on 31 March 1945.

15.    Dr. Sharps petitioned the ABCMR for relief by correction of his record to reflect his promotion to CPT and on 30 January 2001, the Board denied his request.

16.    On September 15, 2005, Dr. Sharps petitioned the ABCMR for the same relief and requested reconsideration of the Board's decision in light of new evidence he presented, which included, *inter alia*, the IG Investigation report of the investigation of October 1943, confirming the incompetent leadership of COL Kinsler and his improper use of favoritism in promotions.

17.     On June 11, 2006, the Board reconsidered Dr. Sharps' petition and refused to correct his records.

## COUNT I

18.     The allegations of paragraphs 1 to 18 are incorporated here by reference.

19.     The action of the ABCMR on June 11, 2006 is a final agency action reviewable under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

20.     In light of the evidence presented and the record developed, the decision of the ABCMR was arbitrary, capricious, an abuse of discretion, and, otherwise not in accordance with law.

21.     In light of the record, the findings of the ABCMR were unsupported by substantial evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court

a.  set aside the decision of the ABCMR;

b.  direct the ABCMR to correct the plaintiff's military records to reflect his promotion to the grade of Captain;

c.  award Plaintiff his costs and reasonable attorneys' fees incurred in this action, and;

5

d.  grant such further relief as this Court may deem proper.

Dated:  January 2, 2007

Respectfully submitted,
By Counsel

Charles M. Allen, Esquire (VSB No. 30183) (U.S. Dist. Ct. Bar No. (D.D.C.) MI0004)
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
Telephone:     (804) 346-0600
Facsimile:     (804) 346-5954

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Frank Sharps, M.D. | Francis J. Harvey, Secretary of the Army |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles M. Allen, Esquire
Goodman, Allen & Filletti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, VA 23060
(804) 346-0600

ATTORNEYS (IF KNOWN)

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

O 3 Federal Question (U.S. Government Not a Party)

● 2 U.S. Government Defendant

O 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

O **A.** *Antitrust*

☐ 410 Antitrust

O **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

O **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

O **E.** *General Civil (Other)*    OR    O **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment**<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions (if Privacy Act)**<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

## V. ORIGIN

⊙ **1 Original Proceeding**   ○ **2 Removed from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff seeks relief of a decision of the Army Board of Correction of Military Records under APA, 5 U.S.C. Sec. 701, et seq.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** [_____]   Check YES only if demanded in compla

**JURY DEMAND:**   YES ☐   NO ☒

## VIII. RELATED CASE(S) IF ANY

(See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  __January 3, 2007__   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.