## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRANK SHARPS, M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:07-cv-00036 (RMC)** |
| | ) | |
| **THE HONORABLE PETE GEREN**[1] | ) | |
| **Acting Secretary of the Army,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant hereby moves for summary judgment on Plaintiff's claims pursuant to Rule 56

of the Federal Rules of Civil Procedure because there is no genuine issue as to any material fact

and Defendant is entitled to judgment as a matter of law.  In support of this motion, Defendant

respectfully submits the attached memorandum of points and authorities, statement of material

facts not in genuine dispute, administrative record, and a proposed order.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI

---

[1]On March 10, 2007, the Honorable Pete Geren became the acting Secretary of the Army and is substituted for Francis J. Harvey pursuant to Fed. R. Civ. P. 25(d)(1).

Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1627

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FRANK SHARPS, M.D.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:07-cv-00036 (RMC)** |
| | ) |
| **THE HONORABLE PETE GEREN** | ) |
| **Acting Secretary of the Army,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant files this Memorandum in support of Defendant's Motion for Summary

Judgment. Defendant is entitled to judgment as a matter of law on Plaintiff's claims pursuant to

Fed. R. Civ. P. 56 because there is no genuine issue as to any material fact. Plaintiff has failed to

demonstrate that the decision of the Army Board for Correction of Military Records ("ABCMR")

denying his request for promotion to captain was arbitrary, capricious, unsupported by substantial

evidence or contrary to law. Defendant's statement of material facts not in genuine dispute and

the Administrative Record ("AR") support this memorandum.

**I. INTRODUCTION**

Plaintiff, Dr. Frank Sharps, entered the U.S. Army as a first lieutenant in the Medical

Corps in June 1939. The day before he departed his assignment at Fort Gordon, Georgia, his

Commander recommended him for promotion to the rank of captain. This recommendation

never received final approval until he was transferred to another command. The

recommendation was forwarded to his new chain of command, the 503rd Parachute Infantry

Regiment ("PIR"), while Dr. Sharps was deployed to the Pacific Theater of Operations during

World War II. His Regimental Commander recommended disapproval of his promotion to the

rank of captain. The War Department Circular in effect at that time provided that no promotion was effective until approved by all commanders in the chain of command, favorably acted upon by the major commander who had the authority to promote, and approved by the Adjutant General's office ("TAGO") Army Personnel Board. Dr. Sharps' promotion was never finally acted upon by the Commander of the Pacific Theater, and approved by the Army Personnel Board. In March 1945, Dr. Sharps was found to be incapacitated for active service due to service-related psychosis. He was honorably discharged by reason of permanent disability, and retired in the rank of first lieutenant.

Dr. Sharps submitted his first application to the ABCMR in January 1962. Dr. Sharps requested promotion to the rank of captain, but the ABCMR found that insufficient evidence had been presented to indicate a probable material error or injustice. Dr. Sharps sought reconsideration of this decision in 1973, but the ABCMR denied him relief as there was no evidence that the recommendation for promotion had been approved by all commanders in his chain of command and acted upon favorably by his major commander. Dr. Sharps applied to the ABCMR a third time in March 2000. As the board could not locate a copy of its decision from 1962, he was given a de novo review. After consideration of all of the evidence, the ABCMR concluded there was no evidence that his promotion had ever received the requisite approval; therefore, there was no basis to grant the requested relief. Dr. Sharps requested reconsideration of this decision from the ABCMR on two more occasions, but after review of all of the additional evidence presented, the board denied him relief.

Plaintiff files suit challenging the ABCMR's denial of his request for promotion to the rank of captain. He has filed the instant action pursuant to the Administrative Procedure Act

("APA"), 5 U.S.C. § 706(2); and the Federal Question statute, 28 U.S.C. § 1331.  Complaint ("Compl.") p. 1-2.

## II.  SUMMARY OF THE ARGUMENT

Dr. Sharps has received five considerations of his case by the ABCMR, and each time, he has received a thorough and careful consideration of his claims, however, the ABCMR simply found no basis to grant the requested relief.  In accordance with the Department of War Circular in effect at that time, his recommendation for promotion to the rank of captain was never approved by all the commanders in his current chain of command, favorably acted upon by his major commander, and approved by the Army Personnel Board.  The ABCMR gave careful consideration to all of the evidence that Dr. Sharps provided, and allowed him to receive repeated considerations by the board to ensure that no evidence was overlooked.  After a complete and thorough review of the evidence, however, the ABCMR acted reasonably and lawfully in denying him the requested relief.  As such, summary judgment in favor of the Defendant is appropriate in this case.

## III. STATEMENT OF FACTS

Defendant respectfully refers the Court to Defendant's Statement of Material Facts to Which There is No Genuine Dispute filed simultaneously herewith.

## IV.  ARGUMENT

### 1.      Standard of Review for Summary Judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d

1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no

genuine dispute exists as to any material fact, summary judgment is required.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation.  Id.

at 247.  "The burden on the moving party may be discharged by 'showing' - - that is, pointing out

to the [Court] - - that there is an absence of evidence to support the non-moving party's case."

Celotex, at 325.  Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus to avoid

summary judgment, the Plaintiff must state specific facts or present some objective evidence that

would enable the court to find he is entitled to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the

circumstances in which summary judgment is appropriate:

> If the evidence is merely colorable . . . or is not sufficiently probative . . . summary
> judgment may be granted . . . [T]he mere existence of a scintilla of evidence in
> support of the plaintiff's position will be insufficient; there must be evidence on
> which the jury could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 252.  Unsupported speculation is not enough to

defeat a summary judgment motion; the existence of specific material evidentiary facts must be

shown.  Fed. R. Civ. P. 56(e)(the nonmoving party may not rest on mere allegations but "must

come forward with 'specific facts showing there is a genuine issue for trial.'").  See also Hayes v.

Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995)(opposition to summary judgment must consist of

more than mere unsupported allegations or denials); <u>Johnson v. Digital Equip. Corp.</u>, 836 F.Supp. 14, 18 (D.D.C. 1993)(evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); <u>Batson v. Powell</u>, 912 F.Supp. 565, 578 (D.D.C. 1996).

In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327, <u>quoting</u> Fed. R. Civ. P. 1.

## 2.      <u>Review Is Limited Under the Administrative Procedures Act</u>.

To prevail in this Court, Plaintiff "must overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." <u>Frizelle v. Slater</u>, 111 F.3d 172, 177 (D.C. Cir 1997) (<u>quoting</u> <u>Sanders v. United States</u>, 594 F.2d 804, 813 (Cl. Ct. 1979)).  To rebut this presumption, Plaintiff must establish through "cogent and clearly convincing evidence" that the ABCMR's findings were arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations. <u>Calloway v. Brownlee</u>, 366 F. Supp. 2d 43, 53 (D.D.C. 2005); <u>McDougall v. Widnall</u>, 20 F.Supp. 2d 78, 82 (D.D.C. 1998).  Due to this very high standard, only the most egregious agency decisions do not satisfy this very deferential standard of review.  <u>Kreis v. Air Force</u>, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

In reviewing an agency's action under the APA standard, the Court is limited to reviewing the administrative record that was in front of the agency when it made its decision, <u>Commercial Drapery v. United States</u>, 133 F.3d 1, 7 (D.C. Cir. 1998), and it "will not disturb the

decision of an agency that has examined the relevant data and articulated a satisfactory

explanation for its action including a rational connection between the facts found and the choice

made." MD Pharmaceutical, Inc. v. Drug Enforcement Administration, 133 F.3d 8, 16 (D.C. Cir.

1998).  The explanation for its action "does not mean that an agency's decision must be a model

of analytic precision to survive a challenge." Dickson v. Secretary of Defense, 68 F.3d 1396,

1404 (D.C. Cir. 1995).  A reviewing court will "uphold a decision of less than ideal clarity if the

agency's path may reasonably be discerned." Id.  Even if reasonable minds might reach differing

conclusions, the court is not empowered to substitute its judgment for that of the agency.

U.S.P.S. v. Gregory, 534 U.S. 1, 11 (2001).

 "Moreover, military boards such as the ABCMR are entitled to even greater deference

than civilian administrative agencies." Labin v. Harvey, 2006 U.S. Dist. LEXIS 17937, *18

(D.D.C. April 10, 2006), citing Calloway, 366 F. Supp. 2d at 53.  A court need only find that the

ABCMR's decision "minimally contains a rational connection between the facts found and the

choice made." Labin, at  *19, quoting Frizelle, 111 F.3d at 176.

 **3. The ABCMR Acted Reasonably and Lawfully in Denying Dr. Sharps'
   Request for Promotion to the Rank of Captain.**

 Dr. Sharps is clearly dissatisfied with the decisions of the ABCMR; however, he has

failed to show that the board's decisions were arbitrary, capricious, unsupported by substantial

evidence or contrary to law.  The ABCMR properly concluded, during five separate

considerations of Dr. Sharps' case, that there was simply no basis for granting his request for

promotion to captain.

 The Department of War Circular 161, which was in effect at that time, provided that no

promotion was effective until approved by all commanders in the officer's chain of command, and favorably acted upon by the major commander who had the authority to promote. AR 384, 453. Moreover, the directive provided that recommendations for promotion to captain and above would be forwarded through designated channels to the TAGO for review and final approval by the Army Personnel Board. Id. Dr. Sharps failed to establish to the ABCMR, by cogent and clearly convincing evidence, that his recommendation for promotion ever received the requisite recommendations and final approval by his current chain of command.

The evidence of record demonstrates that on July 9, 1941, Dr. Sharps' commanding officer of the Station Hospital, at Fort Gordon, Georgia, did in fact recommend his promotion to the rank of captain. AR 243. However, before that recommendation could be processed to completion, Dr. Sharps was transferred out of his command. AR 305, 550, 611. That recommendation for promotion was approved by the Commanding General of Army Ground Forces on October 30, 1942. AR 551. However, at the time of that approval, Dr. Sharps was no longer a member of that command, as he had deployed with the 503rd PIR to the Pacific Theater of Operations on October 20, 1942. AR 461. Dr. Sharps therefore came under the command of the Commanding General of the Pacific Theater of Operations. AR 411. As a result, TAGO forwarded the recommendation for promotion to the 503rd PIR, however the Regimental Commander for the 503rd PIR recommended disapproval of the recommendation for promotion. AR 241. Thus, contrary to the requirement of Department of War Circular 161, his promotion was not approved by every commander in his chain of command.

Dr. Sharps argued to the ABCMR that the revision of tables of organization published by the Headquarters, U.S. Army Forces in the Far East, on June 11, 1943, justified his promotion to

captain.  The revision provided that recommendations for promotion of medical corps officers

from the grade of first lieutenant to captain could be submitted at any time after the officer had

served six months time in grade and had by his performance of duty demonstrated to his <u>present</u>

commanding officer that he was fully qualified for promotion.  AR 246 (emphasis added).  Dr.

Sharps had served six months time in grade at the time of his recommendation for promotion to

captain, therefore he satisfied the initial criteria for promotion. As noted by the ABCMR,

however, this revision provided that an officer must demonstrate to his <u>present</u> commanding

officer that he was fully qualified for promotion.  AR 251.  Dr. Sharps' then-current commanding

officer, Colonel Kinsler, did not feel he was fully qualified for promotion and recommended

disapproval of his promotion action.  AR 241.  Even under the revision to the tables of

organization, Dr. Sharps did not meet the criteria for promotion to the rank of captain.

Dr. Sharps argued to the ABCMR that it should discount the disapproval of his promotion

by Colonel Kinsler because he was an incompetent leader who had no basis to cast any doubt on

his performance.  The ABCMR carefully considered this evidence presented by Dr. Sharps,

however it concluded that this evidence did not warrant relief.  The ABCMR noted that there was

some evidence that Dr. Sharps performed well during much of his tenure in the 503rd PIR.  The

ABCMR also found that Dr. Sharps' chain of command was dissatisfied with his performance.

AR 251.  In his request for transfer from the 503rd PIR, Dr. Sharps' Commander described his

attitude as "whole-hearted dissatisfaction" and "utter disgust with his present organization."  AR

350.

Moreover, the record demonstrates that Dr. Sharps exhibited erratic behavior during his

time in service.  While he contends that his admission to the hospital in August 1943 was a result

of his Commander in the 503rd PIR unfairly laying a charge of insanity against him, he had

departed that command at the time of his subsequent hospitalization in March 1944.  AR 268.

Dr. Sharps was hospitalized in March 1944 for being incoherent, combative, and using profane

and obscene language.  AR 502.  In light of all of this evidence, the ABCMR concluded that Dr.

Sharps had failed to gain the confidence of his chain of command.  AR 251.  The ABCMR's

judgment on this issue is entitled to substantial deference; deference greater than that even

civilian administrative agencies receive.  Labin, 2006 U.S. Dist. LEXIS at *18, citing Calloway,

366 F. Supp. 2d at 53.  Dr. Sharps simply cannot demonstrate in light of the substantial deference

afforded the board that this decision has no minimal connection between the facts found and the

choice made.

The ABCMR also fully considered the IG investigation into the actions of Colonel

Kinsler, and considered Dr. Sharps' contentions regarding the fairness of the promotion system.

As noted by the ABCMR, the IG did not recommend Dr. Sharps' promotion to the rank of

captain. AR 6.  Notably, the IG did not make any finding that the promotion policy was unfair, it

simply stated that the majority of officers felt that the promotion policy was unfair.  AR 23.

Moreover, after October 21, 1943, Dr. Sharps was no longer under the command of Colonel

Kinsler as he had committed suicide.  AR 26.  While Dr. Sharps received support for promotion

from fellow officers outside of his chain of command subsequent to the death of Colonel Kinsler,

there was no evidence that Dr. Sharps ever received any additional recommendation for

promotion from his chain of command, or after his transfer out of the 503rd PIR.  AR 251-252,

28-29.  The ABCMR therefore reasonably concluded that it would not attempt to second-guess

the chain of command regarding Dr. Sharps' performance nearly 60 years after the fact.  AR 251-

252.

Most importantly though, even if the ABCMR were to discount the recommendation of Colonel Kinsler, there is no evidence that the Army Personnel Board made a final approval of his promotion.  AR 378.   Indeed, under the Department of War Circular 161, subordinate field commanders were only required to submit recommendations for promotion to the next higher commander for consideration and further transmission if the recommendation was for approval of the promotion. AR 384.  Once Dr. Sharps' Regimental Commander recommended disapproval of his promotion to captain, the promotion action was stopped.  As previously noted, there is no evidence it was ever reinitiated, even after the IG report was published regarding the climate at the 503rd PIR.  Without final approval by the Army Personnel Board, the ABCMR lawfully concluded that Dr. Sharps was not entitled to relief.

There is simply no evidence, indeed Dr. Sharps points to none in his complaint, to demonstrate that the ABCMR acted in an arbitrary or capricious manner in this case.  The ABCMR made five well-reasoned decisions fully supported by the law and the evidence of record.  Dr. Sharps invites this Court to simply second-guess the decision of the ABCMR, and that invitation should be rejected.  As the ABCMR acted reasonably and lawfully, there is no genuine issue of material fact, and judgment in favor of the Defendant is appropriate in this case.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the Defendant respectfully requests that this Court enter judgment in favor of the Defendant on Plaintiff's claims.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895


Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1627

11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRANK SHARPS, M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 1:07-cv-00036 (RMC) |
| | ) | |
| **THE HONORABLE PETE GEREN** | ) | |
| **Acting Secretary of the Army,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to LCvR 7(h) and in support of Defendant's Motion for Summary Judgment, Defendant respectfully submits this statement of material facts as to which there are no genuine dispute. The Administrative Record ("AR") supports this statement.

1. Plaintiff, Dr. Frank Sharps, was appointed as a First Lieutenant in the Medical Reserve Corps on June 15, 1939. AR 634. After completing his residency, Dr. Sharps entered active duty on July 30, 1941. AR 612, 635. On December 15, 1941, upon completion of his initial training, he was assigned to Fort Gordon, Georgia. AR 611.

2. On July 9, 1941, the day before his departure from Fort Gordon to undergo airborne training at Fort Benning, Georgia, the commanding officer of the Headquarters, Station Hospital, Fort Gordon, Georgia, submitted a recommendation for his promotion to Captain. AR 243. The next day, on July 10, 1941, this recommendation was forwarded to the Commanding General, 4th Corps, in Atlanta, Georgia. AR 244.

3. After completing airborne training at Fort Benning, Dr. Sharps was assigned to the

505th Parachute Infantry Regiment ("PIR") at Fort Benning. AR 305.

4. On May 21, 1942, Department of War Circular 161 was issued which provided that recommendations for promotion to captain and above would be forwarded through designated channels to the Adjutant General's office ("TAGO") for review and final approval by the Army Personnel Board. AR 384, 453. The policy required subordinate field commanders to submit recommendations for promotion to the next higher commander for consideration and further transmission, if approved. Id. The directive provided that no promotion was effective until approved by all commanders in the chain of command, and favorably acted upon by the major commander who had the authority to promote. Id.

5. On October 8, 1942, Dr. Sharps submitted an inquiry to the Adjutant General of the Army regarding his promotion and a tracer action was initiated. AR 318.

6. On October 9, 1942, Dr. Sharps was transferred to the 503rd PIR at Fort Bragg, North Carolina. AR 550, 611. On October 20, 1942, Dr. Sharps deployed with the 503rd PIR to the Pacific Theater of Operations during World War II. AR 461.

7. On October 30, 1942, Dr. Sharps' recommendation for promotion to captain was approved by the Headquarters, Army Ground Forces, Washington, D.C., and dispatched to TAGO. AR 242. TAGO dispatched the recommendation for promotion to the Commander of the 503rd PIR for a recommendation. AR 241.

8. On June 9, 1943, Dr. Sharps submitted a request for transfer from the 503rd PIR. AR 364. The basis for his request was the fact that he was not in accord with the medical practices of the organization and that his transfer would be to the benefit of the service. Id.

9. On July 11, 1943, a revision of tables of organization was published by the

2

Headquarters, U.S. Army Forces in the Far East.  AR 246.  It provided that recommendations for promotion of medical corps officers from the grade of first lieutenant to captain could be submitted at any time after the officer had served six months time in grade and had by his performance of duty demonstrated to his present commanding officer that he was fully qualified for promotion.  Id.

10.  On July 26, 1943, the Headquarters, Sixth Army, forwarded Dr. Sharps' recommendation for promotion to the Regimental Commander for the 503rd PIR, Colonel Kenneth Kinsler.  AR 241.  Colonel Kinsler recommended that Dr. Sharps not be promoted to captain at that time.  Id.

11.  On August 22, 1943, Dr. Sharps was admitted to the regimental dispensary of the 503rd PIR with a diagnosis of paranoia.  AR 597.  He was discharged from the hospital on August 31, 1943, with a diagnosis of "no disease."  AR 602.

12.  On October 21, 1943, Dr. Sharps submitted a second request for transfer, stating that he did not like the way he was being treated, he was dissatisfied that he was not deemed worthy of promotion, he had been wrongfully and forcefully interned as an insanity case and subsequently determined to be completely normal.  AR 315.  Dr. Sharps' request for transfer was approved by his Commander.  AR 350.  His Commander stated that in view of his whole-hearted dissatisfaction and utter disgust with his present organization, and his willingness to serve with any organization, his transfer would be to the benefit of the service.  Id.

13.  On October 13, 1943, the Commander of the Sixth Army appointed an investigating officer to investigate a lack of confidence in senior officers by members of the 503rd PIR.  AR 33.  On October 21, 1943, the Regimental Commander of the 503rd PIR, Colonel Kinsler, committed

suicide.  AR 26.  On October 25, 1943, the Inspector General ("IG") report was issued  which

concluded that, among other things, Colonel Kinsler had not shown the expected qualities of

leadership, his officers and enlisted soldiers had lost confidence in him, and the majority of the

officers felt the promotion policy in the regiment was unfair.  AR 15-24.  The IG omitted any

recommendations concerning Colonel Kinsler as he was deceased.  AR 23.

14.  On January 6, 1944, Dr. Sharps was reassigned to the 116th Medical Battalion.  AR

250.  On February 16, 1944, he was reassigned to the 186th Infantry Regiment, 41st Infantry

Division.  Id.

15.  On March 11, 1944, Dr. Sharps was admitted to the 5th Station hospital for exhibiting

psychotic behavior.  AR 502.  He was transferred to the 42nd General Hospital in San Francisco,

California; to Rhoads General Hospital in Utica, New York; and ultimately to Walter Reed

General Hospital in Washington, D.C.  AR 541, 540, 625-626, 374.

16.  On November 10, 1944, Dr. Sharps appeared before an Army Retiring Board.  AR

492.  Dr. Sharps was asked to state the nature and cause of his disability, which he replied:

"Mental break-down, Sir."  AR 499-500.  The Retiring Board concluded he was incapacitated for

active service by reason of psychosis, manic depressive, manic type, in remission.  AR 493.  On

March 31, 1945, he was honorably discharged by reason of permanent disability, and retired in

the rank of First Lieutenant.  AR 407, 481.  Dr. Sharps was awarded $131.25 per month in

disability retirement pay effective February 1, 1945.  AR 642.

17. On January 25, 1961, Dr. Sharps submitted his first application to the Army Board for

Correction of Military Records ("ABCMR").  AR 446-603.  In his application, he contended that

his promotion to captain had been earned and approved, therefore he was requesting promotion

to the higher grade.  AR 446.  On March 14, 1962, the ABCMR determined that insufficient

evidence existed to demonstrate probable material error or injustice, and his application was

denied.[2]  AR 441.

18.  On February 1, 1973, Dr. Sharps submitted his second application to the ABCMR.

AR 413-439.  On July 12, 1973, the ABCMR notified Dr. Sharps that after a careful and

comprehensive reexamination of the case, his application was being denied.  AR 411.

Specifically, the ABCMR stated:

> In this review the Board noted pertinently that while Dr. Sharps'
> recommendation for promotion was forwarded to the War Department
> and approved for promotion by Headquarters Army Ground Forces, the
> War Department directive governing temporary promotion of officers
> on active duty at the time required approval by his then current
> commanding officer and the major commander exercising promotional
> jurisdiction in the matter.  In as much as Dr. Sharps had been transferred
> in the meantime from one major promoting jurisdictional authority
> (CG [Commanding General], Army Ground Forces) to another (CG,
> Pacific Theater), it was necessary for the Adjutant General's Office
> to forward Dr. Sharps' promotion recommendation to the Commanding
> Officer, 503rd Parachute Infantry Division, Pacific Theater, for
> consideration.  Since there was no evidence of record to show that the
> recommendation was favorably acted upon by his new commander and
> the Pacific Theater commander and in consideration of the fact that his
> recommendation for temporary promotion did not receive final approving
> action by the Army Personnel Board at Departmental level, it was
> determined that insufficient evidence had been presented to indicate
> probable material error or injustice in this regard.

AR 411-412.  The ABCMR also held that he was ineligible for promotion to the temporary grade

of captain upon his release from active duty under the Terminal Leave Promotion Policy because

his overall efficiency index during the period of active duty service was less than the minimum

---

[2]A copy of the complete opinion of the ABCMR was not made a part of Dr. Sharps' records.

required for promotion to such a grade.  AR 412.

19.  On March 25, 2000, Dr. Sharps submitted his third application to the ABCMR.  AR 388-410.  Dr. Sharps argued that he had notified the Adjutant General's Department about gross negligence and incompetence on the part of the Commanding Officer and Regimental Surgeon, therefore they blocked his promotion to the rank of captain.  AR 391.  The ABCMR, in a 2-1 vote, found that there was no record of a recommendation from the 503rd PIR Commander, therefore absent evidence the promotion was approved by all commanders in the chain of command, and favorably acted upon by the major commander with the authority to promote, there was no basis to grant the requested relief.  AR 385.  The dissenting member of the ABCMR stated that as there was no evidence of a recommendation by the Commander of the 503rd PIR, he would give the benefit of the doubt to the applicant and grant him the requested relief.  AR 387.

20.  On July 9, 2001, Dr. Sharps submitted his fourth application to the ABCMR.  AR 253-377.  With this application, Dr. Sharps submitted documents that he claimed demonstrated that his promotion was processed to completion, to include the recommendation from the 503rd PIR Commander.  AR 249.  Although the recommendation from the Commander of the 503rd PIR was for disapproval of his promotion to the rank of captain, Dr. Sharps argued to the board that he should be promoted to captain because the Regimental Commander disregarded the laudatory comments of his chain of command and had no basis to cast any doubt on his performance.  Id.  Finally, Dr. Sharps argued that his discharge for psychosis was actually situational depression, and he submitted documents demonstrating he had served successfully as a physician for fifty years.  Id.  In a unanimous decision, the ABCMR concluded that Dr. Sharps failed to gain the confidence of his chain of command, and the board would not second-guess the

promotion decision of the chain of command.  AR 251-252.  The ABCMR also concluded that

Dr. Sharps had the opportunity to address the issues regarding his medical disability discharge to

the Retiring Board, and it would not second-guess that board's judgment fifty-seven years after

the fact.  AR 251.

      21.  On September 15, 2005, Dr. Sharps submitted his fifth and final application to the

ABCMR.  AR 11-246.  With this application, Dr. Sharps submitted the IG report, dated October

25, 1943, pertaining to the leadership of Colonel Kinsler and the climate in the 503rd PIR.  The

ABCMR treated this IG report as new evidence, and once again granted Dr. Sharps

reconsideration of his request.  AR 4.  The ABCMR noted that although the IG report indicated

that the majority of officers in the Regiment felt that the promotion policy was unfair, the IG

report did not recommend Dr. Sharps' promotion to the rank of captain.  AR 6.  The ABCMR

therefore concluded that absent any evidence that his promotion was approved by all

commanders in the chain of command, and favorably acted upon by the major commander with

the authority to promote, there was no basis to grant the requested relief.  AR 6.

                                        Respectfully submitted,


                                              /s
                         JEFFREY A. TAYLOR, D.C. Bar # 498610
                         United States Attorney


                                              /s
                         RUDOLPH CONTRERAS, D.C. Bar # 434122
                         Assistant United States Attorney


                                            /s
                         STEVEN M. RANIERI
                         Special Assistant United States Attorney
                         Civil Division

555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1627

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FRANK SHARPS, M.D.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No.  1:07-cv-00036 (RMC)** |
| | ) |
| **THE HONORABLE PETE GEREN** | ) |
| **Acting Secretary of the Army,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment.

Based upon the motion, the opposition thereto, and the entire record herein, it is this _____ day of

_____, 20___ hereby

**ORDERED** that Defendant's motion is **GRANTED**, and it is further

**ORDERED** that judgment shall be entered for Defendant, and that this matter is

hereby **DISMISSED WITH PREJUDICE**.

This is a final, appealable order.

**SO ORDERED**.


_____
Rosemary M. Collyer
United States District Judge


Copies to:
Parties via ECF