UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS SHARPS, M.D., ) | |
| Personal Representative of the Estate of ) | |
| Frank Sharps, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-00036 (RMC) |
| ) | |
| THE HONORABLE PETE GEREN ) | |
| Acting Secretary of the Army, ) | |
| ) | |
| Defendant. ) | |
| ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant respectfully submits its opposition to the cross-motion for summary judgment submitted by Dr. Sharps, and its reply to Dr. Sharps' opposition to its motion for summary judgment.[1] In support of this submission, Defendant relies upon the complaint, the administrative record, Defendant's opening motion and memorandum, Plaintiff's cross-motion and memorandum, and the following brief.[2]

## ARGUMENT

I.   **The ABCMR Properly Found that Plaintiff's Promotion Action was not Processed to Completion**

The ABCMR's conclusion that Dr. Sharps' promotion action was not processed to

---

[1] Defendant's response to Mr. Sharps' counter-statement of facts is filed contemporaneously with this brief.

[2] Citations in this brief to the Administrative Record are denoted as "AR __." Citations to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment are denoted as "Pl. Br.__."

N/A
N/A
N/A
N/A

completion was reasonable, lawful and supported by substantial evidence. The War Department Circular in effect at that time ("Circular 161") provided that no promotion was effective until approved by all commanders in the chain of command, favorably acted upon by the major commander who had the authority to promote, and approved by the Adjutant General's office ("TAGO") Army Personnel Board. AR 384, 453.

Plaintiff argues that his promotion was properly approved by the Commanding General ("CG"), Army Ground Forces, which Circular 161 identifies as a major commander with promotion authority. Pl. Brief at 9-10. Defendant does not contest that the CG, Army Ground Forces had promotion authority. The CG, Army Ground Forces did not, however, have promotion authority over Dr. Sharps when he approved his promotion. As explained in Defendant's opening memorandum, Dr. Sharps was no longer a member of Army Ground Forces at the time of that approval. He had deployed with the 503rd PIR to the Pacific Theater of Operations; thereby, coming under the command of the CG of the Pacific Theater of Operations. AR 461. As the ABCMR explained, when Dr. Sharps was "transferred from one major promoting jurisdictional authority (CG, Army Ground Forces) to another (CG, Pacific Theater)" the CG, Army Ground Forces did not have the requisite "authority to promote" him. AR 411-412. Thus, the approval executed by the CG, Army Ground Forces had no effect.

Plaintiff contends that the ABCMR's interpretation of Circular 161 - that the CG, Army Ground Forces lost promotion authority when Dr. Sharps deployed to the Pacific Theater - is erroneous. An agency's interpretation of its own regulations, however, is entitled a "high level of deference" and should be deferred to "unless it is plainly wrong." General Carbon Co. V. OSHRC, 860 F.2d 479, 483 (D.C. Cir. 1988); see also Auer v. Robbins, 519 U.S. 452, 461

(1997) (holding that an agency's interpretation of a rule is "controlling unless plainly erroneous or inconsistent with the regulation"). Agency interpretation of its own regulations is to be afforded this higher level of deference, even higher than the traditional Chevron deference afforded when interpreting a statute. See Consarc v. Treasury Dep't., 71 F.3d 909 (D.C. Cir. 1995)(agency interpretation of rule is due more deference than agency interpretation of authorizing statute). This level of deference requires a court to defer to an agency's interpretation of a rule even when that interpretation diverges from what a first-time reader might conclude was the "best" interpretation of the regulation. Gen. Elec. Co. V. EPA, 53 F.3d 1324, 1327 (D.C. Cir. 1995). Even when a plaintiff offers a more plausible interpretation of a regulation, it is the "agency's choice [that] receives substantial deference." Id. (quoting Rollins Envtl. Serv. Inc. V. EPA, 937 F.2d 649, 652 (D.C. Cir. 1991).

In support of his contention that the ABCMR erroneously interpreted Circular 161, Plaintiff asserts that the CG, Army Ground Forces was the superior commander of the CG, Pacific Theater and, therefore, retained jurisdiction to promote Plaintiff when he deployed to the Pacific Theater. Plaintiff mistakenly relies upon Circular 161 as the basis for this assertion. Plaintiff argues that Theater Commanders are subordinate to the Army Ground Forces because of the position in which they are listed in Circular 161. Pl. Brief at 15. Circular 161, however, merely lists fifteen groups of commanders, including the CG, Army Ground Forces and the Theater Commanders, who may forward recommendations for promotion directly to TAGO. See Circular 161, ¶ I(1)(c). Nothing in Circular 161 indicates a hierarchy of command. Hence, Plaintiff's inference that the Theater Commanders are subordinate to the CG, Army Forces Command is without merit.

Plaintiff's assertion is further belied by the organizational structure of the Department of War during this period. As the attached organizational chart indicates, the Commanders of the Theaters of Operation (including the Pacific Theater) reported directly to the Chief of Staff of the War Department, and then to the Secretary of War. Def. Ex. A, organizational chart, Department of War, August 1942.[3] The CG, Army Ground Forces was neither superior to, nor even in the chain of command of the Commanders of the Theaters of Operation.[4]

Plaintiff also bases his contention that the ABCMR erroneously interpreted Circular 161 on the assertion that subparagraph 1(d) of the Circular stands for the proposition that promotion of officers to the grade of colonel and lieutenant colonel must be forwarded through the Commanding General, Army Ground Forces. Pl. Brief at 15. Plaintiff misreads this provision. The Circular provides:

> All recommendations for promotions of officers to grades of colonel and lieutenant colonel *from units and activities under control of the Commanding General, Army Ground Forces*, will be forwarded through headquarters, Army Ground Forces. Recommendations for promotions of officers to lower grades from these units may be forwarded direct to The Adjutant General by the authorities list in c above.

Circular 161, ¶ I(1)(d). Thus, for those units under the command of the Commanding General, Army Ground Forces, recommendations for promotion to colonel and lieutenant colonel must be forwarded through Headquarters, Army Ground Forces. Likewise, the Circular provides that

---

[3] See Blanche B. Armfield, M.A., *Organization and Administration in World War II,*, http://history.amedd.army.mil/booksdocs/wwii/orgadmin.

[4] Plaintiff's reliance on historical references is misplaced. See Pl. Brief, fn. 3. The March 1942 reorganization of the Department of War did indeed create the Army Ground Forces Command to organize, train and equip army ground forces. The reorganization, however, placed the Army Ground Forces Command on the same level as the Theater Commands, all of which reported directly to the Chief of Staff, Department of War. See fn. 3, supra.

recommendations for promotions of Air Corps officers must be forwarded through the Commanding General, Army Air Forces, before being sent to TAGO. Id. at ¶ I(9)(a). It does not provide that they must be then sent through the Commanding General, Army Ground Forces; the reading of the Circular advanced by the Plaintiff.

If Plaintiff's arguments were true, any chain of command could approve a promotion, even for an individual who was not a part of their command. This is simply not supported by the existing regulations. Circular 161 provides that: "The commanding generals of the Army Ground Forces, Services of Supply, Army Air Forces, theater commanders, army, corps area, and department commanders and the chief of each arm service, and bureau of the War Department will make recommendations through prescribed channels for promotion of *officers under their respective jurisdiction*." Id. at II(3)(a)(emphasis added). Thus, commanders only have the authority to recommend a promotion for officers under their respective jurisdictions.

Dr. Sharps fails to establish through cogent and clearly convincing evidence that the ABCMR's interpretations was plainly wrong. Indeed, the ABCMR's interpretation of the Circular 161 is reasonable and they correctly concluded that Dr. Sharps' recommendation for promotion to the rank of captain was never approved by all the commanders in his current chain of command, favorably acted upon by his major commander who had authority to promote, and approved by the Army Personnel Board. Hence, the ABCMR properly and lawfully denied Plaintiff relief.

II.     **The ABCMR Reviewed Department of War Circular 161 in Arriving at Its Decision**

Plaintiff baldly asserts that the ABCMR never reviewed Circular 161 when arriving at its decision. Pl. Brief at 11. Such a claim is wholly without merit. Plaintiff makes this claim

because a copy of the circular is not a part of the administrative record; however, as set forth in the Declaration attached hereto as Exhibit B, the ABCMR does not reproduce and attach copies of statutes, regulations and circulars relied upon in its opinions.

**III.     The ABCMR Properly Addressed the Evidence Concerning Colonel Kinsler**

Plaintiff claims that the ABCMR did not address his arguments regarding the IG investigation; however, any fair reading of the ABCMR opinion shows that the evidence was given careful consideration. The ABCMR fully noted the conclusions made by the IG and, contrary to Plaintiff's assertion, the IG did not make any finding that the promotion policy in the 503rd PIR was unfair. It simply stated that the majority of officers felt that the promotion policy was unfair. AR 23.

The ABCMR based its decision, in part, on the fact that the IG did not recommend Dr. Sharps' promotion to the rank of captain. AR 6. Plaintiff argues that this was improper because this was not the mandate of the IG investigation. Pl. Brief at 17. This argument disregards the fact that the IG made nine specific recommendations for action by the higher headquarters, and none of those recommendations were for any action with regard to promotion decisions. AR 23-24. For example, the IG recommended that all of the individuals that desired aviation cadet training be permitted to submit applications for such training. AR 23. Thus, the IG did make specific recommendations for remedying concerns of members of the 503rd PIR, but those recommendations did not involve promotion actions. In essence, Plaintiff invites the Court to abandon the standard of review that is applied to ABCMR decisions, and substitute its judgment for that of the agency. The Court should not accept this invitation, as review is limited to whether the board "examined the relevant data and articulated a satisfactory explanation for its

action." Labin, 2006 U.S. Dist. LEXIS at *20 (citations omitted). In this case, the board clearly examined the data presented by Dr. Sharps, and made a well-reasoned decision that this evidence did not establish a probable error or injustice.

Plaintiff argues that the ABCMR should not have considered the evidence regarding his psychotic behavior, as this "arose after the injustice was alleged to have occurred." Pl. Brief at 16. Dr. Sharps argued in his petition to the ABCMR that he was unjustly denied promotion by Colonel Kinsler, and submitted letters of recommendation from officers outside of his chain of command in order to substantiate his claim that his performance was worthy of a promotion. The ABCMR was therefore entitled to examine all of the evidence of record concerning Dr. Sharps' performance. The record establishes that just three weeks after Colonel Kinsler stated that he did not recommend Dr. Sharps for promotion to captain, Dr. Sharps was admitted to the hospital for exhibiting psychotic behavior. AR 597. Additionally, shortly thereafter, Dr. Sharps submitted a request for transfer out of the 503rd PIR, which was approved by his Commander "in view of his whole-hearted dissatisfaction and utter disgust with his present organization." AR 350. The ABCMR could certainly extrapolate from this evidence that the command was dissatisfied with his performance, and Dr. Sharps had failed to gain the confidence of his chain of command.

**IV.    The Revision to the Tables of Organization Required Support for Promotion by the Current Commanding Officer**

Plaintiff has apparently abandoned his argument that the revision of tables of organization published by the Headquarters, U.S. Army Forces in the Far East, on June 11, 1943, justified his promotion to captain. The revision provided that recommendations for promotion of medical corps officers from the grade of first lieutenant to captain could be submitted at any time after the

officer had served six months time in grade and had by his performance of duty demonstrated to his <u>present</u> commanding officer that he was fully qualified for promotion. AR 246 (emphasis added). As noted by the ABCMR, this revision provided that an officer must demonstrate to his <u>present</u> commanding officer that he was fully qualified for promotion. AR 251. Dr. Sharps' then-current commanding officer, Colonel Kinsler, did not feel he was fully qualified for promotion and recommended disapproval of his promotion action. AR 241. Even under the revision to the tables of organization, Dr. Sharps did not meet the criteria for promotion to the rank of captain.

V.      **Dr. Sharps Failed to Prove to the ABCMR that He was Entitled to Promotion**

Plaintiff repeatedly attempts to shift the burden of proof in this case to the ABCMR, implying that it is the ABCMR that needed to prove that he was not in fact deserving of promotion. To the contrary, Dr. Sharps bore the burden of proof of demonstrating to the ABCMR that he was entitled to promotion, and he failed to do so. Pursuant to Army Regulation 15-185, "[t]he ABCMR begins its consideration of each case with the presumption of administrative regularity. The applicant has the burden of proving an error or injustice by a preponderance of the evidence." Army Reg. 15-185, ¶ 2-9. The onus rests with the applicant to present sufficient evidence to rebut the presumption of administrative regularity and the "strong but rebuttable presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." <u>Frizelle v. Slater</u>, 111 F.3d 172 (D.C. Cir 1997). It was entirely proper for the ABCMR to place this burden of proof on the Plaintiff and deny him relief when he failed to meet it.

**CONCLUSION**

The ABCMR fully addressed all of Mr. Sharps' arguments. The ABCMR examined the relevant facts and articulated a satisfactory explanation for its action. As such, its decision was reasonable, lawful, and should be upheld. For the foregoing reasons, the Defendant respectfully requests that this Court enter judgment in favor of the Defendant on Plaintiff's claims.

Respectfully submitted,

/s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s
STEVEN M. RANIERI
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1627

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS SHARPS, M.D., <br> Personal Representative of the Estate of <br> Frank Sharps, M.D., <br><br> Plaintiff, <br><br> v. <br><br> THE HONORABLE PETE GEREN <br> Acting Secretary of the Army, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:07-cv-00036 (RMC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Pursuant to LCvR 7(h), the Defendant respectfully submits the following response to the counter-statement of facts submitted by Plaintiff, in support of his cross-motion for judgment upon the administrative record.

1. There is no disagreement between the parties regarding these facts.

2. There is no disagreement between the parties regarding these facts.

3. There is no disagreement between the parties regarding these facts.

4. The Army disputes Plaintiff's conclusory averment that the ABCMR did not review particular regulations, statutes, circulars and similar material because such material was not appended to the administrative record. Defendant avers that copies of regulations, statutes, circulars and similar materials are available to board members when considering applications. See Def. Ex. B. Nevertheless, the facts contained in this paragraph are immaterial.

5. The Army disputes Plaintiff's conclusory averment that the ABCMR did not review particular regulations, statutes, circulars and similar material because such material was not

appended to the administrative record. Defendant avers that copies of regulations, statutes, circulars and similar materials are available to board members when considering applications and that Circular 161 was reviewed by the members. See Def. Ex. B.

6. See response to paragraph 5.

7. This paragraph is argument not facts.

8. Department of War Circular 161 is the best evidence of its contents. Nevertheless, facts contained in this paragraph are immaterial.

9. There is no disagreement between the parties regarding these facts.

10. There is no disagreement between the parties regarding these facts.

11. The facts contained in this paragraph are immaterial.

12. To the extent that Plaintiff implies a legal conclusion by stating that the promotion action was approved and legally effective, Defendant disputes such a conclusion. There is no disagreement between the parties regarding these facts.

13. There is no disagreement between the parties regarding these facts.

14. There is no disagreement between the parties regarding these facts, except that the 11th indorsement is AR 433 and not AR 434. Defendant assumes this was a typographical error.

15. The facts contained in this paragraph are immaterial.

16. The facts contained in this paragraph are immaterial.

17. The facts contained in this paragraph are immaterial.

18. The facts contained in this paragraph are immaterial.

19. The facts contained in this paragraph are immaterial.

20. The facts contained in this paragraph are immaterial.

21. This paragraph is argument not facts.

22. The facts contained in this paragraph are immaterial.

23. The facts contained in this paragraph are immaterial.

24. The facts contained in this paragraph are immaterial.

25. There is no disagreement between the parties regarding these facts.

26. There is no disagreement between the parties regarding these facts.

27. There is no disagreement between the parties regarding these facts.

28. There is no disagreement between the parties regarding these facts.

29. There is no disagreement between the parties regarding these facts.

30. There is no disagreement between the parties regarding these facts.

31. There is no disagreement between the parties regarding these facts.

32. There is no disagreement between the parties regarding these facts.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
STEVEN M. RANIERI
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.

                Washington, D.C. 20530
                202-353-9895

Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1627



\* A MEDICAL OFFICER WAS ASSIGNED AS CHIEF OF A BRANCH OF THIS OFFICE.

ADAPTED FROM VARIOUS WAR DEPARTMENT OFFICIAL CHARTS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK SHARPS, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-00036 (RMC) |
| | ) |
| THE HONORABLE PETE GEREN | ) |
| Acting Secretary of the Army, | ) |
| | ) |
| Defendant. | ) |
| | ) |

DECLARATION OF JESSIE B. STRICKLAND

Pursuant to 28 U.S.C. ¶ 1746, I, Jessie B. Strickland, make the following declaration in the above-cited case:

I am an Analyst at the Army Board for Correction of Military Records ("ABCMR"). I have been an analyst at the ABCMR for over 15 years. As an Analyst, I perform the initial review of an individual's application, conduct the necessary research, and prepare the case file for the board members' review.

I am the analyst that handled Dr. Frank Sharps' application for reconsideration dated July 9, 2001. I do not remember all the details of his case because I have handled approximately 5000 cases since that time. I do know however that as a matter of course, the opinion would not have cited to War Department Circular 161 if a copy of the Circular had not been obtained and reviewed. This is especially true because citations to War Department Circulars are very rare. In my 15 years at the ABCMR, handling approximately 1000 cases per year, I have only cited to War Department Circulars a few times. We have a copy of War Department Circular 161 on file

here at the ABCMR, therefore I have no doubt that it was reviewed during the analysis of Dr. Sharps' case.

Copies of regulations, statutes, circulars, and similar materials are not normally reproduced and made part of the record copy of the case. As a matter of practicality, including these materials would make the size of the files unmanageable. Due to the permanent nature of these reference materials, they are readily available if the board members want to review them or if they are needed for review at some future date, so copies do not need to be included in the file for either the Board members' use or for archival purposes.

I do declare under penalty of perjury that the foregoing is true and correct. Executed April 18, 2007, at Arlington, Virginia.

Jessie B. Strickland
Analyst, Army Board for Correction
of Military Records