**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEWIS SHARPS, M.D. | ) |
| Personal Representative of the Estate of | ) |
| Frank Sharps, M.D. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-00036 (RMC) |
| | ) |
| THE HONORABLE PETE GEREN | ) |
| Acting Secretary of the Army | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S REPLY TO THE OPPOSITION OF THE**
**DEFENDANT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

The undisputed facts presented in the Administrative Record demonstrate that on October 30, 1942, the Commanding General, Army Ground Forces, promoted Frank Sharps to Captain from the grade of First Lieutenant. As the government concedes, that commander had the authority to approve such a promotion. Further, as required by War Department Circular 161, the action was forwarded to The Adjutant General ("TAGO"). On November 3, 1942, TAGO forwarded the approved promotion action to 1LT Sharps' Commanding Officer at the 503rd Parachute Infantry Regiment ("PIR").

Notwithstanding that 1LT Sharps' promotion had been approved by a commanding officer with the authority to promote and had been processed according to the then-existing regulations, the Commander of the 503rd PIR refused to promote. The reasons why he failed to do so are apparent from the IG investigation conducted nearly a year later. Officers in the unit, including 1LT Sharps, complained that the promotion policy in the unit was "unfair and

uncertain." That the IG gave credence to this complaint is underscored by his recommendation that the new regimental commander should be "impressed with the necessity for a fair and impartial promotion policy."

Even though the undisputed evidence showed that a commander with promotion authority had approved the promotion and processed it as required by Circular 161 and the circumstantial, but also undisputed, evidence that the Commander of the 503rd PIR was arbitrary and capricious in refusing to implement it, the ABCMR refused to correct 1LT Sharps' military record. That refusal was, like the refusal of the Commander of the 503rd, arbitrary and capricious and additionally, not supported by substantial evidence. Accordingly, this Court should enter judgment for the plaintiff. *See* 5 U.S.C. § 706.

## ARGUMENT

The Acting Secretary opposes Plaintiff's Motion for Summary Judgment because the promotion action ostensibly "was not processed to completion." Def. Reply, 1-2.[1] He concedes, as he must, that the Commanding General, Army Ground Forces approved the promotion and did, indeed, process it as required by Circular 161. *Id.* at 2. He also confesses that the Commanding General Army Ground Forces had promotion authority. ("Defendant does not contest that the CG, Army Ground Forces had promotion authority,") *Id.* However, he asserts that the approval was ineffective because the General "did not … have promotion authority over ***Dr. Sharps*** when he approved the promotion." *Id.* (emphasis added).

Before addressing whether the evidence of record supports the conclusion that the Commanding General, Army Ground Forces had lost promotion authority over 1LT Sharps, it is necessary to address the significance of defendant's concession that the "CG, Army Ground

---

[1] Citations to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment are cited as "Def. Reply, ___" Citations to the Administrative Record are made by "AR ___.

Forces had promotion authority." ABCMR had repeatedly denied 1LT Sharps' request for correction of his military records on the basis that promotion authority had not been exercised because, in part, it had not been forwarded to and approved by the "Army Personnel Board" as required by Circular 161. See e.g. AR 384 ("[War Department Circular 161] provided that recommendations for captain and above would be forwarded through designated channels to TAGO for review and approval by the Army Personnel Board."). Such an interpretation of Circular 161 was clearly erroneous, as the Acting Secretary now concedes. The parties now agree that the Commanding General, Army Ground Forces and other commanders had the authority to promote officers from the grade of First Lieutenant to Captain and that favorable action by the "Army Personnel Board" or the TAGO was not required.

ABCMR never made this concession. To be sure, it continually asserted that the action had not been "processed to completion" (see, AR 4; 249), but its "failure to complete" rationale was based on the lack of evidence that the "Army Personnel Board" had made "final approval." *See* AR 384-85. Only once, in the 1973 petition decision, did the ABCMR refer to the change of promoting authorities as the reason why the action was "incomplete." AR 411-12. On all of the other occasions, it relied upon the failure of processing to and through TAGO and the Army Personnel Board to support its denial.

But when the *actual* Circular was presented to this Court by the plaintiff, clearly demonstrating that the Army Personnel Board is not even referenced in the document and that approval by TAGO was not a pre-condition to promotion, the Acting Secretary was forced to admit that the Commanding General's "approval" would have effected a promotion if 1LT Sharps had been under his jurisdiction.

3

This belated reliance on the 1973 conclusion of the ABMCR that the CG, Army Ground Forces lacked promotion authority over 1LT Sharps, albeit necessary given the actual text of Circular 161, is not supported by substantial evidence in the record. The Acting Secretary first suggests to the Court that the question of whether the Commanding General, Army Ground Forces had promotion authority over 1LT Sharps can be determined by interpreting the regulations and that the interpretation by the agency is entitled to deference. Def. Reply 2-3. While a correct statement of the law, the argument is specious. Plaintiff certainly argued, in his motion for summary judgment that the listing in ¶ I.1.c., Circular 161 is hierarchical. That is, that it may be inferred from the fact that the reference lists him first, that the Commanding General, Army Ground Forces was superior for promotion purposes to Theater Commanders. But even if, arguendo, the list is not hierarchical, that fact is not evidence that the Theater Commanders were, therefore, for the purposes of promotions, equals to the Commanding General, Army Ground Forces.[2]

More importantly, whether 1LT Sharps was under the promotion jurisdiction of the Commanding General, Army Ground Forces is a factual matter, not a conclusion that can be drawn by the interpretation of the regulations. There is no dispute that, at least as of October 30, 1942, 1LT Sharps had been transferred to the 503rd PIR and that the 503rd was en route to the Pacific Theater. AR 432; 409. But no evidence indicates that on that date the Army Ground Forces Commander had lost the authority to promote 1LT Sharps.

---

[2] The fact that the Acting Secretary resorts to evidence not within the Administrative Record to support ABCMR's assertion that the Theater Commander is a promotion authority separate and independent from the Commanding General, Army Ground Forces, demonstrates the absence of factual support for this point within it. Def. Reply 4, fn. 4. And the evidence presented is inadequate for the task. The chart presented is from a text related to the organization of "The Medical Department within the War Department" *see* http://history.amedd.army .mil/booksdocs/wwii/orgadmin/org_admin_wwii_chapt3.htm. Nothing therein suggests that this chart or the text was intended to show the command relationship between the Theater Commanders and the Commander, Army Ground Forces for promotion purposes.

On the contrary, the record shows that the Commanding General, Army Ground Forces, believed he had the authority and exercised it. AR 432. Although the Acting Secretary refuses to admit that the Commanding General, Army Ground Forces knew that 1LT Sharps was in the 503rd and that the 503rd had deployed when he "approved" the promotion, claiming it was "immaterial," the evidence of record certainly supports that finding. AR 432. Indeed, the one word "Approved" action (the 10th indorsement) is made on the same page as the earlier indorsement advising that "Lt. Sharps is no longer assigned to the 505th Parachute Infantry Regiment, but was transferred to the 503rd Parachute Infantry Regiment, which is no longer at this station. The forwarding address of the 503rd Parachute Infantry is APO #3311, c/o Postmaster, San Francisco, Calif." AR 432. Notably, this indorsement does not indicate that the 503rd and 1LT Sharps were no longer under the authority of the Commander, Army Ground Forces, nor was indorsement forwarded to the Pacific Theater Commander. Apparently, the Acting Secretary would have this Court apply the presumption of regularity to the actions of all military officials except this Commander. *Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997). Finally, the Acting Secretary fails to advance any argument for why this Court should find that the indorsement from TAGO to the 503rd – which in its entirety reads "Attention is invited to the first indorsement and subsequent indorsements." – should be read to mean, "The recommendation of the promotion by the Commanding General, Army Ground Forces is disapproved, and the action is returned to you for processing as desired." AR 433. Simply put, nothing in the record supports the conclusion now advanced by the Acting Secretary that the action of the Commanding General, Army Ground Forces on October 30, 1942 was ineffective to promote 1LT Sharps.

**CONCLUSION**

On October 30, 1942, the Commanding General, Army Ground Forces, promoted 1LT Sharps from First Lieutenant to Captain.  The only argument advanced by the Acting Secretary to support ABCMR's refusal to give effect to the promotion is that the General did not have promotion authority over 1LT Sharps at that time.  Because the record contains no evidence to support that factual conclusion and because the General's action is entitled to the presumption of regularity in the exercise of his authority, ABCMR's decision not to correct 1LT Sharps' military record was arbitrary and capricious and not supported by substantial evidence.  Accordingly, the Court must grant summary judgment to the plaintiff.

Respectfully submitted,

By Counsel

/Charles M. Allen/

Charles M. Allen, Esquire (VSB No. 30183) (U.S. Dist. Ct. Bar No. (D.D.C.) MI0004)
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
Telephone:    (804)346-0600
Facsimile:    (804) 346-5954

*Counsel for the Plaintiff, Lewis Sharps, M.D.*
*Personal Representative of the Estate of Frank Sharps, M.D.*